# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DENNIS R. ENGLAND

**Appeal from the Criminal Court for Sumner County**
**No. 9781    Jane Wheatcraft, Judge**

---

**No. M1999-00254-SC-R11-CO - Decided May 30, 2000**
**FOR PUBLICATION**

---

JUSTICE BIRCH, dissenting.

I disagree with my colleagues. In my opinion, an officer must have reasonable suspicion of criminal activity before ordering a canine sweep during an otherwise lawful investigatory stop. Walter v. State, 997 S.W.2d 853, 858-63 (Tex. Ct. App. 1999).

Here, the trial court found that the officer's investigation should have ended upon England's having refused to consent to a search of his vehicle. The trial court stated, "the officer used his (England's) refusal as the basis on which to get the dog out of the car" to conduct a canine sweep. It is apparent from the record, therefore, that the officer's sole reason for ordering the canine sweep was England's refusal to consent. The refusal to consent to a search, however, does not constitute reasonable suspicion. See United States v. White, 890 F.2d 1413, 1417 n.4 (8th Cir. 1989) (citing Florida v. Royer, 460 U.S. 491, 498, 103 S. Ct. 1319, 1324, 75 L. Ed. 2d 229, 236-37 (1983));see also United States v. Fuentes, 105 F.3d 487, 490 (9th Cir. 1997); Karnes v. Skrutski, 62 F.3d 485, 495 (3rd Cir. 1995); United States v. Manuel, 992 F.2d 272, 274 (10th Cir. 1993). Thus, the officer in this case lacked the necessary reasonable suspicion to justify a canine sweep. The canine sweep of England's car, therefore, violated his rights under Article I, § 7 of the Tennessee Constitution.

Moreover, if the officer can use England's refusal as consent to the intrusive sweep, then why ask in the first place? Why not just subject every vehicle stopped for a minor equipment violation to a canine sweep? I cannot condone such a result and therefore dissent.